UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEJANDRO HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02882-JMS-MPB |
| ) | |
| WEXFORD OF INDIANA, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING FURTHER PROCEEDINGS**

Alejandro Hernandez has suffered from hernias since 2016. He has been a prisoner at Pendleton Correctional Facility ("PCF") all that time.

In this lawsuit, Mr. Hernandez asserts Eighth Amendment claims against five defendants. Dr. Paul Talbot was Mr. Hernandez's physician at PCF and an employee of Wexford of Indiana, LLC, which was the Indiana Department of Correction's ("IDOC") contracted medical care provider. The Court recently denied the medical defendants' motion for summary judgment, determining that a jury could reasonably find them deliberately indifferent to Mr. Hernandez's need for hernia treatment. Dkt. 103.

The remaining three defendants are IDOC employees who reviewed grievances Mr. Hernandez presented in 2019. No evidence supports an inference that the state defendants interacted with Mr. Hernandez's grievances in a way that exhibited deliberate indifference toward his hernias. Accordingly, the Court **grants** the state defendants' motion for summary judgment, dkt. [78]. Additionally, the Court *sua sponte* reconsiders and **grants** Mr. Hernandez's most recent motion to appoint counsel, dkt. [57].

## I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir.

2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II. Facts

The Court detailed Mr. Hernandez's relevant medical history in ruling on the medical defendants' motion for summary judgment. *See* dkt. 103. To summarize, Mr. Hernandez was diagnosed with a direct inguinal hernia in 2016. Throughout that year, he filed Requests for Health Care stating that the hernia caused him pain and impaired his ability to use the toilet. However, he did not complain about the hernia in 2017 or 2018. In 2019, Mr. Hernandez developed a second hernia. Since then, he has repeated that his hernias cause serious pain and limit his mobility and ability to use the toilet. Mr. Hernandez has coped with his hernias by giving up exercises that are too painful and leaving higher-paying prison jobs for work that is less physically demanding. He has not received treatment that provides any relief.

Mr. Hernandez notified the state defendants of his hernias in 2019. Dushan Zatecky was PCF's warden, and Veyona Shepherd was a grievance specialist. Neither was a medical professional. Nikki Tafoya was a nurse employed by the IDOC as a quality assurance manager—that is, in an administrative role, not to treat patients. *See* dkt. 66-9; dkt. 79 at 3–4.

On February 28, 2019, Mr. Hernandez wrote a formal grievance seeking treatment of his hernias. He stated:

> I have a 3 year, plus, old hernia that the doctor will not approve to be repaired. This is causing me severe pain and discomfort as well as limiting my mobility. I need this repaired.

Dkt. 66-5. For relief, Mr. Hernandez asked "[t]o have my lower hernia repaired." *Id.*

Dr. Talbot examined Mr. Hernandez the same day. Dkt. 66-4 at 18–20. His treatment notes acknowledge both hernias and describe them as "easily reducible." *Id.* Dr. Talbot ordered a new hernia belt and medication to treat Mr. Hernandez's complaints of constipation. *Id.* Dr. Talbot described Mr. Hernandez's activities of daily living as "normal," specifically noting that he was able to work in the yard seven days per week. *Id.*

Ms. Shepherd responded to Mr. Hernandez's grievance on March 18. Dkt. 66-6. Ms. Shepherd stated that she spoke to "medical" on March 16, and she recapped Dr. Talbot's February 28 treatment notes. *Id.* She relayed Dr. Talbot's assessment that Mr. Hernandez was "not . . . a candidate for hernia surgery" and stated that she could not provide any further relief. *Id.*

Mr. Hernandez wrote the following grievance appeal on March 27:

> My hernia is not reducing but getting much bigger and hurting much more. I have a hard time speaking and understanding English and I don't think the doctor is understanding me and how much pain I'm in. But, I'm hurting and need the [hernia] fixed.

Dkt. 66-7. Warden Zatecky responded on April 11:

> I am not a medical professional and so in cases such as this, I must rely on the judgement of those staff that are to determine the proper course of treatment for a healthcare concern. In your case Healthcare professionals have determined that you are not a candidate for surgery at this time.
>
> The only remedy I can offer is to follow doctor's instructions for alternative treatments for your hernia issue.

*Id.* (errors in original). Nurse Tafoya also reviewed Mr. Hernandez's grievance appeal and responded that the care he was receiving was appropriate. Dkt. 66-8.

4

After Nurse Tafoya responded to Mr. Hernandez's grievance appeal, he continued to seek treatment for his hernias. However, he did not submit additional grievances or otherwise call the state defendants' attention to his hernias.

### III. Analysis

Mr. Hernandez's claims against the state defendants are based on the Eighth Amendment. "Prison officials violate the [Eighth Amendment's] prohibition on cruel and unusual punishment if they act with deliberate indifference to a prisoner's serious medical condition." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Unlike the medical defendants, the state defendants were not involved in *treating* Mr. Hernandez's medical condition. Rather, they interacted with Mr. Hernandez only through his grievances. The Court has already determined that a reasonable jury could find that the medical defendants were deliberately indifferent to Mr. Hernandez's hernias. But the fact that Mr. Hernandez reported the medical defendants' inaction in his grievances does not automatically extend Eighth Amendment liability to the state defendants.

"[N]o prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). A prison official presented with a grievance typically satisfies the Constitution by investigating the grievance and responding to it. *Hill v. Nicholson*, 829 F. App'x 141, 143 (7th Cir. 2020) (citing *Burks*, 555 F.3d at 595). An officer reviewing a grievance "can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). If the officer learns that the prisoner "is under the care of medical experts," she "will generally be justified in believing that the prisoner is in capable hands." *Id.* In this situation, the grievance officer is deliberately indifferent only if she disregards evidence that the medical staff is mistreating the prisoner or not treating the prisoner at all. *Id.*

Ms. Shepherd received Mr. Hernandez's formal grievance between February 28 and March 18. Mr. Hernandez submitted his first hernia-related Request for Health Care in over two years on February 25, *see* dkt. 84, and he saw Dr. Talbot on February 28, dkt. 66-4 at 18–20. No evidence indicates that Dr. Talbot was *mistreating* Mr. Hernandez, and Ms. Shepherd could not reasonably conclude that Dr. Talbot was not receiving treatment. After all, he submitted a Request for Health Care and saw a doctor three days later. Ms. Shepherd was entitled to defer to Dr. Talbot's judgment as a physician, and her failure to take action beyond denying Mr. Hernandez's grievance did not amount to deliberate indifference.

The same analysis applies to Warden Zatecky's denial of Mr. Hernandez's grievance appeal. Between the time Dr. Talbot examined Mr. Hernandez on February 28 and the time Warden Zatecky denied Mr. Hernandez's appeal on April 11, Mr. Hernandez had no more medical appointments, and he filed no more Requests for Health Care. Mr. Hernandez stated in his appeal that his hernia was growing and becoming more painful, and he also noted that there may be a language barrier between him and Dr. Talbot. Dkt. 66-7. Nevertheless, Warden Zatecky reviewed the grievance appeal barely a month after Dr. Talbot examined Mr. Hernandez. In hindsight, Dr. Talbot's treatment notes may seem dubious. *See* dkt. 103. In 2019, though, Warden Zatecky was justified in deferring to the medical judgment Dr. Talbot rendered only weeks before.

That timing is critical to the claim against Nurse Tafoya as well. To be sure, Nurse Tafoya is a "medical professional[] who might ordinarily be held to a different standard than a non-medical prison official," but she was involved in this case as an "administrator[]." *Rasho v. Elyea*, 856 F.3d 469, 479 (7th Cir. 2017). Had Nurse Tafoya received Mr. Hernandez's grievance a year later, after doctors continued to respond to his worsening condition with a combination of conservative treatment and nontreatment, the result might be different. In April 2019, though, the records

6

showed that Mr. Hernandez renewed his hernia complaints only two months ago, that Dr. Talbot examined his hernias in that time, and that Dr. Talbot determined that the hernias did not require immediate surgical repair. Under these circumstances, Nurse Tafoya could not infer that Mr. Hernandez was being mistreated or ignored.

There is no dispute about the state defendants' involvement with Mr. Hernandez's hernias. They did not treat him. But they were not supposed to treat him. They reviewed and responded to his grievances consistent with their responsibilities. There also is no dispute about what the state defendants knew at that time. Mr. Hernandez's complaints were recent, and a doctor had recently examined him. Because the state defendants reviewed Mr. Hernandez's grievances, relied on Dr. Talbot's recent assessment, and responded, a reasonable jury could not find them deliberately indifferent to Mr. Hernandez's serious medical needs. *Hill*, 829 F. App'x at 143; *Arnett*, 658 F.3d at 755.

### IV. Conclusion

The state defendants' motion for summary judgment, dkt. [78], is **granted**. Claims against the state defendants are **dismissed with prejudice**. No partial final judgment will enter at this time.

The **clerk is directed** to **terminate** Dushan Zatecky, Veyona Shepherd, and Nikki Tafoya as defendants on the docket.

Mr. Hernandez's claims against the medical defendants will be resolved by settlement or trial. The Court *sua sponte* reconsiders and **grants** Mr. Hernandez's most recent motion to appoint counsel, dkt. [57], to the extent it will attempt to recruit an attorney to assist him for the remainder of the action. The **clerk is directed** to include a form motion for assistance with recruiting counsel

7

with Mr. Hernandez's copy of this motion. The Court will not appoint counsel until Mr. Hernandez completes, signs, and returns the form.

The Court requests that Magistrate Judge Brookman set this matter for a settlement conference after recruited counsel has appeared.

Date: 7/27/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ALEJANDRO HERNANDEZ
196476
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov


Magistrate Judge Brookman